IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD G. TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.   07-cv-614-MJR-PMF |
| | ) |
| DONALD HULICK, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are defendants' motions for summary judgment (Doc. Nos. 31, 58). In this § 1983 action, plaintiff Richard Titus challenges the conditions of his former confinement at Menard Correctional Center. Specifically, he alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated in December, 2006, when some defendants used too much force during a tactical team detention (Count 2) and when injuries were not treated by medical personnel (Count 3). The defendants seek judgment in their favor on their affirmative defense that Titus failed to exhaust administrative remedies as to these claims for relief. Titus filed no response to these motions. Following appointment of counsel, a hearing was held on August 30, 2010. *See Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

A prisoner must exhaust all available administrative remedies before he can bring a civil rights action in federal court challenging any aspect of prison life. 42 U.S.C. § 1997e(a). Exhaustion means the prisoner has filed complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In Titus' circumstances, the Illinois grievance process included five levels of review. A prisoner first submits his grievance to a counselor in an effort to obtain an informal remedy. He may then

submit a formal grievance to the prison's grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the director. Those appeals are handled initially by the administrative review board (ARB), while the director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq. Because failure to exhaust administrative remedies is an affirmative defense, the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In support of their motion, the defendants submit two affidavits. The affidavit of Jackie D. Miller demonstrates that grievances regarding the events described in Counts 2 and 3 were not processed through the last step of the administrative remedy procedure. The affidavit of Jeannette Cowan shows that her search of records maintained at the prison did not produce a grievance on Counts 2 and 3. This evidence, while initially persuasive, was effectively challenged by plaintiff, who testified regarding his efforts to pursue and complete the grievance process. Plaintiff had good recollection of his actions and the Court found his testimony to be generally credible, despite slight contradiction with a written discovery response.

As noted above, the grievance process involves multiple steps, three of which require action from the inmate. First, plaintiff must make an effort to resolve his grievance through his counselor. Regarding the complaints raised in Counts 2 and 3, plaintiff took this step on approximately January 6, 2007, by drafting a written grievance and presenting it to Gina Summers, who worked as a correctional counselor at Menard. Plaintiff further explained that he was unable to produce a copy of his grievance because he was confined in the prison's segregation unit at the time, where he had restricted access to photocopy equipment. Ms. Summers received plaintiff's written grievance and returned it to him with her written response.

Plaintiff also took the second step by forwarding his written grievance to the grievance office at Menard Correctional Center. It appears that someone in the grievance office spoke with plaintiff and elected to forward his grievance to the prison's internal affairs division for investigation and decision. Although this step certainly appears rational under the circumstances, it is not contemplated by the established grievance procedure.[1] After being interviewed by an internal affairs employee known as "dog-catcher," plaintiff was notified that his grievance had been denied. Approximately one week later, plaintiff took the third and last step required of him by appealing the denial to the ARB.

In February, 2007, the office of inmate issues received plaintiff's initial appeal and returned it to plaintiff as incomplete. On about February 23, 2007, plaintiff perfected his appeal by providing the ARB with the additional information requested.

Plaintiff did not receive a decision or any further response from the ARB. He filed this action on August 28, 2007.

Although plaintiff did not receive a final decision from the director, the Court is persuaded by credible evidence that he took all three steps required of him: counselor, grievance officer, ARB. The lack of a final decision by the director is not reasonably attributable to plaintiff's mistake or lack of effort. Moreover, Ms. Cowan's inability to locate documentation at the prison is likely explained by the grievance officer's decision to delegate the investigation and decision to the internal affairs department. This point could not be explored at the hearing because Ms. Cowan was not present. In short, the persuasive evidence shows that plaintiff pursued the remedies available to him.

---

[1] Grievance officers are allowed to give the inmate an opportunity to appear or call witnesses, as deemed appropriate. Referrals for investigation are required for complaints regarding accommodation of disabilities. In those circumstances, the grievance officer forwards information to the ADA coordinator, who conducts the investigation and makes recommendations to the warden. 20 Ill. Admin. Code 504.830.

Upon due consideration of the evidence, the Court is not persuaded that the defendants have satisfied their burden of proof on their affirmative defense.

IT IS RECOMMENDED that the motions for summary judgment (Doc. Nos. 31, 58) be DENIED.

SUBMITTED:   August 31, 2010   .

    S/ Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE