IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD G. TITUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-0614-MJR-CJP |
| ) | |
| MATTHEW SWALLS, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is Defendants Frank Eovaldi, Richard Harris, and Jerry Witthoft's Motion to Dismiss (Doc. 56) Count 2 of Plaintiff Richard Titus's Amended Complaint (Doc. 46), pursuant to Federal Rule of Civil Procedure 12(b)(6). The four moving Defendants are named only in "Count 2" of the Amended Complaint, which alleges that Eovaldi, Witthoft and Harris used excessive force against Plaintiff Titus ("Titus") on December 23, 2006 (*See* Docs. 45 and 46). The Defendants assert that the Amended Complaint was filed three and a half years after the incident at issue, which is well outside the applicable two year statute of limitations period (Doc. 57).[1] Titus has not filed a response to the subject motion.

The statute of limitations is an affirmative defense. Because complaints are not required to anticipate affirmative defenses, dismissal under Federal Rule of Civil Procedure 12(b)(6)

---

[1] *See Licari v. City of Chicago*, 298 F.3d 664, 667-668 (7th Cir. 2002) (a two year statute of limitations applies to Section 1983 claims brought in Illinois); see also *Owens v. Okure,* 488 U.S. 235, 240-41, 249-250 (1989); 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood,* 506 F.3d 622, 623 (7th Cir. 2007).

1

on statute of limitations grounds is considered "irregular." *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). However, when the face of a complaint affirmatively indicates that the time limit for bringing the claim has passed, a plaintiff may not escape the statute of limitations by saying nothing. *See Kathaur SDN BHD v. Sternberg,* 149 F.3d 659, 670 n. 14 (7th Cir. 1998).

Amended suits, which add new parties after the two year period, are untimely and will be dismissed unless the amendment "relates back" to a timely complaint (*see* Fed.R.Civ.P. 15(c)), or the statute of limitations is tolled. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 561-562 (7th Cir. 1996). Moreover, in a prisoner civil rights action such as this, the Court cannot ignore the fact that the limitations period is tolled while the prisoner exhausts administrative remedies. *Johnson v. Riveria*, 272 F.3d 519, 521 (7th Cir. 2001).

A review of the record, the Amended Complaint and Defendants' brief memorandum in support of their motion (Doc. 57), reveals that Defendants have not met their burden. At first blush the Amended Complaint appears to have been filed three years, four months and 18 days after the incident at issue—well outside the two year limitations period. However, the grievance process is referenced in the Amended Complaint (Doc. 46, p. 3); though the amount of time attributable to that process is presently unknown to the Court. Furthermore, Defendants Eovaldi, Witthoft and Harris do not address whether the amendment adding them relates back to the timely filed original Complaint.

**IT IS THEREFORE ORDERED** that Defendants Frank Eovaldi, Jerry Witthoft and Richard Harris's Motion to Dismiss (Doc. 56) Count 2 of the Amended Complaint is **DENIED** *without prejudice* and with leave to refile with appropriate supporting documentation.

**IT IS FURTHER ORDERED** that on or before **November 1, 2010**, Defendants Frank Eovaldi, Jerry Witthoft and Richard Harris **SHALL** answer the Amended Complaint.

**IT IS SO ORDERED.**

**DATED October 20, 2010.**

          s/ *Michael J. Reagan*
          Michael J. Reagan
          United States District Judge