IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD G. TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07–cv–614–MJR |
| | ) |
| JAMES CARTER, | ) |
| FRANK EOVALDI, | ) |
| JERRY WITTHOFT, | ) |
| and RICHARD HARRIS, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**REAGAN, District Judge:**

  Trial is set to commence in this case on February 28, 2011. The sole remaining issue is whether the Defendants used excessive force against Plaintiff in violation of the Eighth Amendment. Before the Court is Plaintiff Richard G. Titus's Motion in Limine, aimed at excerpting the first four minutes of the videotape capturing the cell extraction at issue in this case (Doc. 107).

  Plaintiff asserts that the initial four minute segment of the video does not contain relevant evidence, or to the extent the segment is relevant, it is unfairly prejudicial and should be excluded pursuant to Federal Rule of Evidence 403, due to unfair prejudice and confusion of the issues (*see* Docs. 107 and 120). Plaintiff contends that his conduct prior to his removal provides absolutely no defense to the use of excessive force. In response, Defendants counter that the initial four minute segment is relevant to establishing the need for the cell extraction, the degree of force necessary to restore discipline, and Plaintiff's and Defendants' respective mental states (*see* Doc. 116).

  The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. **See *Luce v. United States*, 469 U.S. 38, 41, n.4**

(1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.*, **980 F. Supp. 1176, 1179 (D. Kan. 1997),** motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* **88 F.3d 136, 141 (2d Cir. 1996).** Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* **932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* **519 F.2d 708, 712 (6th Cir.),** *cert. denied,* **423 U.S. 987 (1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.,* **864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group,* **937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. *Luce,* **469 U.S. at 41**.

Plaintiff premises his objection upon Federal Rule of Evidence 403, which provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." **Fed.R.Evid. 403.** " 'Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case.' " *United States v. Perkins,* **548 F.3d 510, 515 (7th Cir.2008) (quoting** *United States v. Dennis,* **497 F.3d 765, 769 (7th Cir.2007)).** Rather, the relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value such that the jury may be induced to decide the case on emotional grounds or some other improper basis. *See id.*; *United States v. Harris,* **536 F.3d 798, 809 (7th Cir.2008).**

Evidence is relevant if it possesses "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence ." **Fed.R.Evid. 401.** The inquiry that must be performed for a claim of excessive force is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian,* **503 U.S. 1, 6-7(1992).** Factors to be considered include: "the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." *DeWalt v. Carter,* **224 F.3d 607, 619-620 (7th Cir. 2000).** Seventh Circuit Pattern Jury Instruction 7.15, setting forth the elements of an Eighth Amendment excessive force claim, provides that the jury may consider, among other things, the need to use force, the relationship between the need to use force and the amount of force used, and whether the defendant reasonably believed there was a threat to the safety of staff or prisoners.

The first four minutes of the videotape show Plaintiff's and Defendants' words and

actions, which bear on the factors the jury must consider.  By viewing the time period leading up to the extraction, the jury will be able to assess whether the treat perceived by Defendants and their reactions were reasonable in context.  Therefore, the video is relevant.  Although the video could be perceived as depicting Plaintiff in an antagonistic and threatening manner, the Court does not perceive that any resulting prejudice is unfair.  The Court does not perceive that watching the initial four minutes of video will invite or cause jurors to ignore limiting and/or cautionary instructions, or instructions regarding the burden of proof.   Jurors are presumed to follow instructions, absent something that one could not reasonably be expected to be able to put out of one's mind.  *See Serafinn v. Local 722, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 597 F.3d 908, 916 (7th Cir. 2010).

**IT IS THEREFORE ORDERED** that Plaintiff Richard G. Titus's Motion in Limine (Doc. 107) is **DENIED**; the first four minutes of the videotape capturing the cell extraction at issue in this case will not be excerpted.

**IT IS SO ORDERED**.

**DATED: February 24, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**