IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD G. TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07–cv–614–MJR |
| | ) |
| JAMES CARTER, | ) |
| FRANK EOVALDI, | ) |
| JERRY WITTHOFT, | ) |
| and RICHARD HARRIS, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**REAGAN, District Judge:**

       Trial is set to commence in this case on February 28, 2011. The sole remaining issue is whether the Defendants used excessive force against Plaintiff in violation of the Eighth Amendment. Before the Court is Defendants Eovaldi, Harris, Carter and Witthoft's Motion in Limine to Exclude IDOC Regulations (Doc. 115). Defendants object to Plaintiff's Exhibits 3-7, which are Illinois Department of Corrections ("IDOC") regulations regarding the use of force, use of chemical agents and the movement of inmates.

       The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States,* **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); Fed. R. Evid. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

Although found neither in the Federal Rules of Civil Procedure nor in the Federal Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1179 (D. Kan. 1997), motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996). Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir.), cert. denied, 423 U.S. 987 (1975).*

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)*. Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. *Luce,* **469 U.S. at 41**.

Defendants assert that the regulations are not relevant to the use of force, or to the extent the regulations are relevant, they are unfairly prejudicial and could mislead or confuse the jury and should be excluded. Defendants cite *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), where a police department's general orders regarding the use of force were found not relevant to the use of excessive force, and unnecessarily confusing. Plaintiff counters that the Defendants' knowledge of prison regulations is relevant to the affirmative defense of qualified immunity, in that the regulations

are aimed at protecting prisoner's from excessive force (Doc. 118). Plaintiff attempts to distinguish this case from *Thompson v. City of Chicago* by noting that qualified immunity was not at issue in *Thompson*.

Evidence is relevant if it possesses "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **Fed.R.Evid. 401.** The inquiry that must be performed for a claim of excessive force is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, **503 U.S. 1, 6-7 (1992).** In *Thompson v. City of Chicago*, the police department's general orders were found not to advance the inquiry into the objective reasonableness of the use of force, given that each situation must be evaluated relative to the facts and circumstances presented. The probative value of the general orders was also deemed outweighed by the potential for unnecessary confusion. The Court of Appeals stated, "the violation of police regulations or even a state law is *completely immaterial* as to the question of whether a violation of the federal constitution has been established." *Thompson*, **472 F.3d at 454 (emphasis added).** Plaintiff does not offer any counter authority. Therefore, the IDOC regulations will not be admitted for purposes of establishing the Eighth Amendment violation itself.

With respect to the affirmative defense, governmental actors performing discretionary functions enjoy qualified immunity and are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sallenger v. Oakes*, **473 F.3d 731, 739 (7th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).** Plaintiff's argument that the IDOC regulations go to the heart of the affirmative defense of qualified immunity is specious. Plaintiff's attempt to conflate the two only illustrates how the issues can be confused and the jury could be mislead. Moreover, as Plaintiff acknowledges, the violation of a prison regulation does not amount to a violation of the Eighth

Amendment and; as discussed above, the regulations are not going to be admitted relative to the Eighth Amendment violation. *Assuming* there is an Eighth Amendment violation, whether the constitutional right was clearly established at the time of the alleged violation is a legal question. This inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." ***Pearson v. Callahan*, 555 U.S. 223, \_\_\_, 129 S.Ct. 808, 822 (2009) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (internal quotation marks omitted)**. The fact that, under *Thompson v. City of Chicago,* regulations are "completely immaterial" to the Eighth Amendment analysis only supports the idea that the violation of an IDOC regulation regarding the use of force is irrelevant to the qualified immunity analysis.

**IT IS THEREFORE ORDERED** that Defendants Eovaldi, Harris, Carter and Witthoft's Motion in Limine to Exclude IDOC Regulations (Doc. 115) is **GRANTED**; Plaintiff's Exhibits 3-7 are hereby excluded, barring the unexpected at trial.

**IT IS SO ORDERED**.

**DATED: February 24, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**